[No. 13585. In Bank. — May 3, 1890.]

## AUGUSTUS RUMFELT, RESPONDENT, *v.* THE TRINITY RIVER CANAL AND HYDRAULIC MINING COMPANY, APPELLANT.

DISMISSAL OF APPEAL — FAILURE TO SERVE AND FILE PRINTED TRANSCRIPT — CONSTRUCTION OF ORDER EXTENDING TIME — RULES OF SUPREME COURT. — Where an order of the supreme court, extending the time within which to serve and file a transcript on appeal, is made upon an application and affidavit showing that the manuscript of the transcript is ready, but that additional time is necessary in order to have it printed, and the appellant, instead of filing a printed transcript and serving it upon the respondent within the extended time, merely delivered to the clerk of the court one manuscript copy, paying to him the amount required for printing, the appeal will be dismissed for failure to serve and file the transcript within the proper time. Such order must be construed as relating only to the filing and service of a printed transcript within the time thereby granted; and neither rule 3 nor rule 10 of this court will protect the appellant against a non-compliance with the order as thus construed.

MOTION to dismiss an appeal from a judgment of the Superior Court of Trinity County, and from an order denying a new trial.

The following are the rules of the supreme court referred to in the opinion:—

"RULE 3. *Dismissal of appeal.* — If the transcript of the record be not filed within the time prescribed, the appeal may be dismissed, on motion, upon notice given. If the transcript, though not filed within the time prescribed, be on file at the time the notice of motion is given, that fact shall be sufficient answer to the motion."

"RULE 10. *Clerks may print transcripts and certify to same.* — The written transcript in civil causes, authenticated in the mode prescribed by rule 9, together with sufficient funds to pay the expenses of printing the same, may be transmitted to the clerk of this court. The clerk, upon the receipt thereof, shall file the same, and cause

the transcript to be printed, and to a printed copy shall annex his certificate that the said printed transcript is a full and correct copy of the transcript furnished to him by the party; and said certificate shall be *prima facie* evidence that the same is correct. The said printed copy so certified shall also be filed, and constitute the record of the cause in this court, subject to be corrected by reference to the written transcript on file. Printed copies thereof shall be furnished as provided in rule 2; and the clerk shall also immediately transmit, by mail or express, copies to the attorneys of the adverse parties, and note such service on the original."

Further facts are stated in the opinion of the court.

*John A. Wright,* and *W. H. H. Hart,* for Appellant.

*J. W. Turner,* for Respondent.

McFarland, J. — This cause is before us upon a motion of respondent to dismiss the appeal because no transcript on appeal was filed and served within the proper time.

There seems to have been great delay from the start in perfecting the appeal and taking steps to prepare and print the transcript. Judgment was entered September 29, 1888; the bill of exceptions was settled and certified July 20, 1888; and the notice of appeal was not filed until September 25, 1889. On November 4, 1889, for the purpose of getting an order of this court extending the time for filing and serving the transcript, the attorney for appellant made an affidavit, in which he stated that "the transcript on appeal in said cause has not yet *been printed,* owing to unavoidable delay in getting a capable person to prepare the manuscript of the record of said cause; that said manuscript of the record of said cause is now prepared and *ready for printing;* that it will be necessary for appellant to have further time in which to prepare *and serve* its transcript on appeal." Upon the

presentation of said affidavit, four justices of the court, on said November 4th, made the following order: "Upon application of counsel for appellant in the above-entitled action, and good cause appearing, it is hereby ordered that said appellant may have twenty days further time from this date within which to *serve* and file its transcript on appeal in said action." On November 23, 1883, appellant, instead of filing a printed transcript, and serving it on respondent, as was clearly contemplated by the order, merely delivered to the clerk of this court one manuscript copy of the transcript, and on November 25th paid to the clerk the amount of money necessary to pay for printing it. (The 24th of November, the last of the twenty days, fell on Sunday.) And appellant now contends that because it had the manuscript transcript on file when the motion to dismiss was made, it is protected against the motion by rules 10 and 3 of this court.

Rule 10 is no doubt somewhat incomplete; but we think that the general understanding has been, that, read in connection with other rules on the subject, the proper construction is, that when an appellant chooses to have his transcript printed by the clerk he must furnish it to the clerk soon enough for the latter to have it printed and served within the forty days. But however that may be (and we do not decide the point here), the appellant in the case at bar did not bring himself within rule 10 or any other rule. It did not file or serve either a printed or a manuscript transcript within forty days. It depends entirely upon the grace given it in the order extending the time. But there was no compliance with that order. It gave twenty days in which "to *serve* and file" the transcript,—which was not done. Moreover, it was made upon an application and affidavit which showed that the manuscript was ready, but that additional time was necessary in order to have it printed; and it was as much an order giving additional time to

serve and file a *printed* transcript as if the word "printed" had been written in the order itself.   The transcript was not "on file" within the meaning of rule 3.

The appeal is dismissed, and the written transcript stricken from the files of the court.

PATERSON, J., FOX, J., SHARPSTEIN, J., THORNTON, J., and BEATTY, C. J., concurred.

Rehearing denied.